**[Cite as *State v. Gasser*, 2026-Ohio-2991.]**

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JACOB MARK GASSER,

    DEFENDANT-APPELLEE,

[T.H., VICTIM-APPELLANT]

CASE NO. 14-26-13

**OPINION AND
JUDGMENT ENTRY**

Appeal from Union County Common Pleas Court
Trial Court No. 25-CR-0275

Appeal Dismissed

Date of Decision:  August 3, 2026

APPEARANCES:

    *Elizabeth A. Well* **for Appellant**

    *Samuel H. Shamansky* **for Appellee, Jacob M. Gasser**

**ZIMMERMAN, P.J.**

{**¶1**} This is an interlocutory appeal brought under Marsy's Law by victim-appellant, T.H., challenging the June 22, 2026 entry of the Union County Court of Common Pleas, ordering her medical and mental-health records subpoenaed by defendant-appellee, Jacob Mark Gasser ("Gasser"), to be submitted for an in camera review. For the reasons that follow, we dismiss for lack of a final, appealable order.

{**¶2**} This case stems from a December 10, 2025 incident following an alleged argument between the two inside Gasser's truck, with Gasser in the front seat and T.H. in the back. During the altercation, Gasser allegedly exited the vehicle and attempted to pull T.H. out by her purse, causing abrasions to her neck. When that was unsuccessful, Gasser allegedly grabbed T.H. by the shoulders and forcibly pulled her from the truck, causing her to fall to the pavement and suffer a fractured elbow.

{**¶3**} As a result of this conduct, on December 19, 2025, the Union County Grand Jury indicted Gasser on Count One of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony, and Count Two of domestic violence in violation of R.C. 2919.25(A), (D)(2), a first-degree misdemeanor. Gasser appeared for arraignment on December 30, 2025, and pleaded not guilty to the indictment.

{¶4} Following his indictment, Gasser issued two subpoenas on April 14, 2026, seeking T.H.'s medical and counseling records. Specifically, Gasser subpoenaed Ohio State Harding Hospital and Dr. Lawrence Needleman, Ph.D., demanding records related to T.H.'s evaluations, treatments, and counseling over a twelve-month period between February 2025 and February 2026.

{¶5} After being notified of the subpoenas, T.H. obtained counsel and filed a notice of appearance in the case and a motion to quash on April 17, 2026. As grounds for opposing the release of her records, T.H. invoked her rights under Marsy's Law and argued that the requested records were strictly privileged and constitutionally protected. She further asserted that no statutory exceptions applied that would permit the trial court to review or disclose the records.

{¶6} The discovery dispute proceeded to a hearing on May 28, 2026. During the hearing, Gasser testified that T.H. had suffered a concussion in August 2025, which he claimed exacerbated her pre-existing mental health conditions and resulted in memory issues and erratic behavior. As a result, he argued that the subpoenaed records were necessary to challenge T.H.'s competency, memory, and credibility as a witness at trial.

{¶7} Following the hearing, the trial court issued its June 22, 2026 judgment entry, determining that Gasser "met the four-part showing under the *Nixon* test, justifying his rights to the records for use at trial" and ordered the "records dating from February 1, 2025, to February 1, 2026, be submitted for in camera review,

after which further hearing shall be held, and the records that are found relevant will be delivered under seal to all counsel." (Doc. No. 61).

{¶8} On July 2, 2026, T.H. petitioned this court for appellate review pursuant to Article I, Section 10a(B) of the Ohio Constitution, R.C. 2930.19, and App.R. 11.2(D). She raises two assignments of error for our consideration, which will be addressed together.

### First Assignment of Error

**The trial court erred, violating Victim-Appellant T.H.'s rights under the state and federal constitutions and the Revised Code, when it denied Victim-Appellant T.H.'s motion to quash the subpoena for her privileged records despite a stipulation that the records were privileged and no privilege exception applies.**

### Second Assignment of Error

**The trial court erred by denying Victim-Appellant T.H.'s motion to quash and ordering an in camera review when the *Nixon* test was not satisfied.**

{¶9} In her assignments of error, T.H. argues the trial court violated her statutory and constitutional rights by ordering her subpoenaed medical and mental-health records to be submitted for an in camera review. Specifically, T.H. contends that her records are strictly privileged, precluding even an in camera review, and alternatively, that Gasser failed to satisfy his evidentiary burden under the *Nixon/Potts* test because his broad request constituted an impermissible fishing expedition.

*Standard of Review*

**{¶10}** "'We generally review a trial court's ruling on discovery matters, including motions to quash subpoenas, for abuse of discretion.'" *State v. Kriwinsky*, 2024-Ohio-2690, ¶ 18 (8th Dist.), quoting *Gangale v. Coyne*, 2022-Ohio-196, ¶ 24 (8th Dist.). *See also State v. O'Neill*, 2025-Ohio-287, ¶ 15 (12th Dist.) (noting that "[d]iscovery disputes are generally reviewed for an abuse of discretion"). An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

**{¶11}** However, when a discovery dispute involves an alleged privilege, the appropriate standard of review depends on whether the issue presents a question of law or a question of fact. *State v. Kelley*, 2024-Ohio-157, ¶ 31 (8th Dist.). If the dispute requires interpreting statutory language to determine whether information is privileged, the issue is a question of law subject to independent, de novo review. *Id.*; *O'Neill* at ¶ 15. Conversely, when the claimed privilege requires a review of factual questions, an abuse-of-discretion standard applies. *Kelley* at ¶ 31.

**{¶12}** When a trial court issues a final order resolving a privilege dispute, its application of the constitutional balancing test is reviewed for an abuse of discretion. *O'Neill* at ¶ 15; *Kelley* at ¶ 32. *See also State v. Counts*, 2022-Ohio-3666, ¶ 17 (8th Dist.)

*Analysis*

**{¶13}** Article I, Section 10a of the Ohio Constitution, commonly known as Marsy's Law, guarantees crime victims specific constitutional rights, including the right to refuse a defendant's discovery requests. *State ex rel. Thomas v. McGinty*, 2020-Ohio-5452, ¶ 1; *Kriwinsky*, 2024-Ohio-2690, at ¶ 20 (8th Dist.). When a trial court issues a discovery order that implicates these protections, Marsy's Law grants the victim standing to petition the court of appeals for judicial review. *O'Neill* at ¶ 7. *See also State v. Gronbeck*, 2024-Ohio-26, ¶ 19 (2d Dist.) (asserting that "a crime victim has 'standing' to file a direct appeal when a trial court issues an order that denies the victim his or her constitutional rights under Marsy's Law").

**{¶14}** While the legislature previously enacted R.C. 2930.071 to provide a statutory framework for resolving these discovery disputes, its recent repeal "left courts without specific guidance." *In re A.M.*, 2026-Ohio-1818, ¶ 11 (9th Dist.). In the absence of this statute, trial courts must govern the dispute by applying the evidentiary framework established by Crim.R. 17(C) and binding precedent. *See In re A.M.*, 2026-Ohio-717, ¶ 7 (9th Dist.).

**{¶15}** Under Crim.R. 17(C), a court may quash or modify a subpoena "if compliance would be unreasonable or oppressive." To determine whether compliance is unreasonable, the trial court must conduct an evidentiary hearing where the proponent of the subpoena bears the burden of proving all four of the following elements:

"(1) that the documents are evidentiary and relevant;
(2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
(4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"

*In re Subpoena Duces Tecum Served upon Potts*, 2003-Ohio-5234, ¶ 12, quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

{¶16} If the defendant successfully satisfies the four-part *Nixon/Potts* test, the trial court must then conduct an in camera review of the records. *Id.* at ¶ 18. During this review, the trial court must resolve the dispute by weighing the victim's rights "against a criminal defendant's rights to due process, to confront witness, to have compulsory process to obtain evidence, and to effective assistance of counsel." *Counts*, 2022-Ohio-3666, at ¶ 28 (8th Dist.). *See also Thomas*, 2020-Ohio-5452, at ¶ 28 (acknowledging that, while a victim's right to refuse discovery is important, it is not absolute). Marsy's Law dictates "that the victim's rights are to be 'protected in a manner no less vigorous than the rights afforded to the accused.'" *O'Neill* , 2025-Ohio-287, at ¶ 26 (12th Dist.), quoting Ohio Const., art. I, § 10a(A). *See also id.* at ¶ 11 (rejecting the argument that a victim's medical records are subject to an absolute bright-line privilege because a trial court must weigh the victim's privileged information against the defendant's constitutional rights).

**{¶17}** Applying this framework, the trial court conducted an evidentiary hearing and determined that Gasser successfully met his burden under the four-part *Nixon/Potts* test. However, rather than explicitly granting or denying the motion to quash, or ordering immediate disclosure to the defense in this case, the trial court ordered T.H.'s medical and mental-health records to be submitted for an in camera review to determine their relevance. Thus, before this court can reach the merits of T.H.'s arguments, we must first address a threshold jurisdictional defect.

**{¶18}** "Article IV, Section 3(B)(2) of the Ohio Constitution limits this court's jurisdiction to the review of 'judgments or final orders.'" *Gronbeck*, 2024-Ohio-26, at ¶ 12 (2d Dist.), quoting Ohio Const., art. IV, § 3(B)(2). While discovery orders are typically interlocutory, they can be final and appealable under R.C. 2505.02(B)(4) if the order grants or denies a provisional remedy, determines the action with respect to that remedy, and leaves the appealing party without a meaningful remedy following a final judgment. *Id.* The issuance of a subpoena is a provisional remedy. *Id.* at ¶ 13. Generally, an order that strictly denies a nonparty's motion to quash is a final appealable order under R.C. 2505.02(B)(4) because it requires the immediate production of documents to the opposing party, causing harm that cannot be remedied at the conclusion of the case. *Id.*

**{¶19}** Crucially, however, an order merely directing an in camera inspection is *not* a final appealable order. Indeed, as the Second District Court of Appeals recently explained in a virtually identical Marsy's Law case, an in camera inspection

does not compel the disclosure of materials to another party, and therefore it does not "determine the action" regarding the provisional remedy. *Id.* at ¶ 14 ("'An in camera inspection is not an order that requires the disclosure of materials to another party. Therefore, orders for an in camera inspection do not constitute final orders.'"), quoting *Blue Technologies Smart Solutions, LLC v. Ohio Collaborative Learning Solutions, Inc.*, 2022-Ohio-1935, ¶ 15 (8th Dist.).

{¶20} On appeal, T.H. argues that the in camera review itself is legally impermissible, contending that privileged documents can only be reviewed in camera to determine if a privilege actually applies—a fact to which she contends that the parties already stipulated. However, even if the parties made such stipulation, asserting that an in camera review violates a statutory privilege does not transform the trial court's interlocutory order into a final, appealable one.

{¶21} The trial court's order fails to satisfy the requirements of R.C. 2505.02(B)(4) because the court has not yet ruled on the motion to quash or compelled the disclosure of any materials to the defense. *Id.* A trial court's in camera review does not destroy a privilege; rather, it is the exact mechanism required for a court to safely balance a victim's privacy interests against a criminal defendant's constitutional rights without causing irreparable harm. *Id.* at ¶ 15. *See also In re A.M.*, 2026-Ohio-1818, at ¶ 9 (9th Dist.) (rejecting the identical argument that a stipulation of statutory privilege precludes an in camera review, noting that

"[w]hether or not Marsy's Law is involved, however, claims of privilege in a criminal case also touch on the rights of the accused").

{¶22} For these reasons, we conclude that the trial court's June 22, 2026 entry ordering T.H.'s medical and mental-health records to be submitted for an in camera review is not a final, appealable order. *Accord Gronbeck* at ¶ 17. *See also id*. at ¶ 19 (noting that, while a crime victim has standing to file a direct appeal when a trial court issues an order denying their constitutional rights under Marsy's Law, an in camera review does not yet constitute such a denial, and deferring appellate review until a final order is issued prevents piecemeal appeals).

{¶23} As a practical matter, an in camera inspection is a "private review by a judge who is sworn to maintain confidentiality," and it is not tantamount to disclosing privileged information to an opposing party. *Id.* at ¶ 15. *See also Kriwinsky*, 2024-Ohio-2690, at ¶ 29 (8th Dist.) (explaining that an *in camera* review ensures neither party will have arbitrary access to the records). Importantly, during this private review, the trial court must determine if any specific information within the records is relevant and subsequently balance the victim's constitutional privacy protections against the defendant's constitutional right to a fair trial. *See Kriwinsky* at ¶ 26 (instructing that, if a trial court determines during its in camera review that records are privileged or constitutionally protected, it must then balance the victim's rights against the constitutional rights of the defendant); *O'Neill*, 2025-Ohio-287, at ¶ 11 (12th Dist.) (noting that a trial court must weigh a victim's privileged

information against a defendant's constitutional rights, a principle that remains applicable under the *Nixon/Potts* framework despite the repeal of the statutory balancing test).

{¶24} Only after concluding this review and balancing these competing rights will the trial court issue a final order explicitly granting or denying the motion to quash. *Compare Daher v. Cuyahoga Community College Dist.*, 2018-Ohio-4462, ¶ 14 ("Only after the trial court denies the motion to quash and orders its court reporter to comply with the subpoena and disclose the sought-after materials to Daher would appellate review be available to the court reporter as an avenue to seek relief."). Should the trial court ultimately determine that the defendant's rights outweigh the victim's privacy rights as to certain documents, and order those specific, relevant documents to be turned over to the defense, a final, appealable order will then exist. *See Gronbeck* at ¶ 13 (explaining that the denial of a nonparty's motion to quash that compels immediate disclosure of records to an opposing party is a final, appealable order under R.C. 2505.02(B)(4)).

{¶25} Accordingly, the appeal is dismissed for lack of jurisdiction.

***Appeal Dismissed***

**MILLER and WILLAMOWSKI, J.J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the instant appeal is dismissed with no costs assessed.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  *See* App.R. 30.

_____
William R. Zimmerman, Judge

_____
Mark C. Miller, Judge

_____
John R. Willamowski, Judge

DATED:
/hls